1 | KILPATRICK TOWNSEND & STOCKTON LLP
JAMES SMITH (State Bar No. 190050)
2 | James.Smith@ktslaw.com
KEVIN L. QUAN (State Bar No. 317798)
3 | KQuan@ktslaw.com
Two Embarcadero Center, Suite 1900
4 | San Francisco, CA  94111
Telephone:   415 576 0200
5 | Facsimile:    415 576 0300

6 | Attorneys for Defendant
MOVEMENT MORTGAGE, LLC
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10 | **SACRAMENTO DIVISION**

11 |

| BENTURA MENDOZA, on behalf of the State of California and Aggrieved Employees, | Civil Action No. 2:24-at-01584 |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| MOVEMENT MORTGAGE, LLC and DOES 1 thru 100, inclusive, | Complaint Filed:        October 28, 2024 |
| Defendants. | |

**TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that Defendant Movement Mortgage, LLC ("Movement Mortgage") hereby removes this action from the Superior Court for the State of California, in and for the County of Sacramento, to the United States District Court for the Eastern District of California.  This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b), for the reasons stated below:

/ / /

/ / /

## I.     PROCEDURAL HISTORY

1.     On October 28, 2024, Plaintiff Bentura Mendoza ("Plaintiff") filed his complaint with the Superior Court for the State of California, in and for the County of Sacramento (the "Superior Court"), entitled "*Bentura Mendoza, on behalf of the State of California and Aggrieved Employees, Plaintiff v. Movement Mortgage, LLC, and DOES 1 to 100, inclusive*," designated as Case Number 24CV021823 ("Complaint").

2.     The Complaint alleges a single cause of action for penalties pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA").

3.     The Summons and Complaint were served on Movement Mortgage's agent for service of process on November 13, 2024.  [*See* Declaration of Kevin Quan ("Quan Decl.") ¶ 2, Ex. A.].

4.     Based on information and belief, no other pleadings have been filed in this matter.

5.     As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter.  Because no other defendant has been served, they need not join or consent to Movement Mortgage's Notice of Removal.  [*Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-679 (9th Cir. 1925) (named defendants not yet served in state court action need not join the notice of removal).]

## II.     REMOVAL IS BASED ON DIVERSITY JURISDICTION

6.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.  This action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7.     Further, because the United States District Court for the Eastern District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, this action may be removed in its entirety pursuant to 28 U.S.C. § 1441(a) and (b).  In addition, this Court has supplemental jurisdiction over all state claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

1      **A.      Plaintiff's Citizenship**

2      8.      To establish citizenship for diversity purposes, a natural person must be domiciled

3  in a particular state.  [*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).]

4  Natural persons are domiciled in the places they reside with the intent to remain or to which they

5  intend to return.  [*Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).]  Residence

6  is *prima facie* evidence of domicile.  [*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th

7  Cir. 2013); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at \*1 (S.D. Cal. Feb. 3, 2011).]

8      9.      An existing domicile is presumed to continue.  [*Mitchell v. United States*, 88 U.S.

9  350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been

10  changed."); *Mintzis v. Scott*, 2014 WL 3818104, at \*5 (C.D. Cal. July 30, 2014).]  It is presumed

11  that a natural person's residence is also his domicile, and a party resisting this presumption bears

12  the burden of producing contrary evidence.  [*Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).]

13      10.      Movement Mortgage is informed and believes, and on that basis alleges, that Plaintiff

14  is now, and was at all material times, a citizen of the State of California within the meaning of 28

15  U.S.C. § 1332(a).  [*See* Quan Decl. ¶ 2, Ex. A, Compl. ¶ 5.]  Accordingly, Plaintiff is domiciled in

16  and a citizen of the State of California for the purposes of diversity jurisdiction.  [*See Sololoff v.

17  LRN Corp.*, 2013 WL 4479010, at \*2-3 (C.D. Cal. Aug. 19, 2013) (finding that the removing

18  defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's

19  residence, which was "prima facie evidence of his domicile, and thus of his citizenship").]

20      **B.      Movement Mortgage's Citizenship**

21      11.      A corporation is "a citizen of any State by which it has been incorporated and of the

22  State where it has its principal place of business."  [28 U.S.C. § 1332(c)(1).]  A corporation's

23  "principal place of business" refers to the place where the corporation's high-level officers direct,

24  control, and coordinate the corporation's activities, i.e., its "nerve center."  [*Hertz Corp. v. Friend*,

25  559 U.S. 77, 92-93 (2010).]  In practice, the nerve center is normally the corporation's headquarters,

26  provided that the headquarters is the actual center of direction, control, and coordination.  [*Id.*]

27      12.      For purposes of determining jurisdiction, Defendant Movement Mortgage, LLC, as

28  a limited liability company, is a citizen of every state of which its owners/members are citizens.

1    [*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).]  The members of

2    Movement Mortgage, LLC are Abram's Promise, Inc. and Harris Covenant, Inc.  [Declaration of

3    Nancy Pezold ("Pezold Decl.") ¶ 3.]

4         13.    Abram's Promise, Inc. is a corporation organized under the laws of the State of North

5    Carolina with its principal place of business in Indian Land, South Carolina.  [Pezold Decl. ¶ 3.]

6         14.    Harris Covenant, Inc. is a corporation organized under the laws of the State of

7    Virginia with its principal place of business in Norfolk, Virginia.  [Pezold Decl. ¶ 3.]

8         15.    Thus, Movement Mortgage, LLC is a citizen of North Carolina, South Carolina, and

9    Virginia for purposes of diversity jurisdiction.

10        16.    To Movement Mortgage's knowledge, there are no Doe defendants.  However,

11   assuming the existence of any, they are and would be fictitious defendants and are not parties to this

12   action.  Unnamed defendants sued as Does also are not required to join in a removal petition, and

13   their citizenship is disregarded for purposes of removal.  [*See* 28 U.S.C. § 1441(a); *Fristos v.*

14   *Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).]

15        **C.    Complete Diversity Exists**

16        17.    Because Plaintiff is a citizen of California and Movement Mortgage is a citizen of

17   North Carolina, South Carolina, and Virginia, complete diversity of citizenship exists.

18        **D.    Amount In Controversy**

19        18.    The Court has diversity jurisdiction over an action in which the parties are not

20   citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00,

21   exclusive of interest and costs."  [28 U.S.C. § 1332(a).]

22        19.    Establishing the $75,000 threshold necessary for diversity jurisdiction is not

23   burdensome.  When seeking removal of a state action to federal court based on diversity jurisdiction,

24   "a defendant's notice of removal need include only a plausible allegation that the amount in

25   controversy exceeds the jurisdictional threshold."  [*Dart Cherokee Basin Operating Co., LLC v.*

26   *Owens*, 574 U.S. 81, 89 (2014).]

27        20.    The failure of the complaint to specify the total amount of damages or other monetary

28   relief sought by Plaintiff does not deprive this Court of jurisdiction.  [*See, e.g., Saulic v. Symantec*

NOTICE OF REMOVAL

*Corp.*, 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007).]  A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum.  [*Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).]

21.    Movement Mortgage denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages.  [Quan Decl. ¶ 8.]  Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  [*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489,491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).]  This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party.  [*See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).]  Therefore, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.  [*Galt G/S*, 142 F.3d at 1155.]

22.    Plaintiff submitted a letter to the California Labor & Workforce Development Agency stating his intent to pursue PAGA penalties on August 21, 2024 (the "LWDA Letter").  [Quan Decl. ¶ 4.]  The period for which Plaintiff seeks penalties therefore extends to August 21, 2023.  [Cal. Civ. Proc. Code § 340.]  There were 21 pay periods in which Plaintiff received compensation between August 21, 2023 and June 25, 2024.  [Quan Decl. ¶ 5.]

23.    Under PAGA, the amount of civil penalties recoverable for violation of a particular Labor Code section will be either the civil penalty specified for that particular provision or "default" penalties.  If a civil penalty is not specifically provided for by statute, the "default" penalties under PAGA are "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  [Cal. Lab. Code § 2699(f)(2).]  Movement Mortgage assumes Plaintiff seeks

NOTICE OF REMOVAL

1  the maximum civil penalties allowed for purposes of calculating the amount in controversy.

2       24.    Based upon the allegations in the Complaint, the amount placed in controversy for

3  the alleged violations of Sections 201-204, 226, 226.7, 226.8, 510, 512, 1182.12, 1197, 1198 equates

4  to $52,150.00.  [Quan Decl. ¶¶ 2, 9, Exs. A, C, Compl. ¶¶ 22-26, 33-35.]  This amount is comprised

5  of the penalties placed in controversy for the alleged Labor Code violations as to Plaintiff alone.

6  [*See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) (holding that

7  100% of the total penalties available may be considered for purposes of calculating the amount in

8  controversy); *Thomas v. Aetna Health of Cal., Inc.*, 2011 WL 2173715, at *21 (E.D. Cal. June 2,

9  2011) (recommending denial of motion for remand, as the amount in controversy for PAGA claim

10  exceeded $75,000 based on the penalties and fees for violations alleged as to all aggrieved

11  employees).]

12       25.    Plaintiff also alleges that he is entitled to recover penalties pursuant to section 558

13  for alleged failure to pay overtime.  The civil penalties available pursuant to Labor Code section

14  558 for alleged violation of "any provision regulating hours and day of work" are:

15      (1)    For any initial violation, fifty dollars ($50) for each underpaid employee for each pay

16            period for which the employee was underpaid in addition to an amount sufficient to recover

17            underpaid wages.

18      (2)    For each subsequent violation, one hundred dollars ($100) for each underpaid

19            employee for each pay period for which the employee was underpaid in addition to an

20            amount sufficient to recover underpaid wages.

21      (3)    Wages recovered pursuant to this section shall be paid to the affected employee.

22       26.    Although Plaintiff does not allege in the Complaint the specific number of overtime

23  hours he claims to have worked, Plaintiff does allege that he and the alleged aggrieved employees

24  "***work frequently*** over 8 hours in a workday, over 12 hours in a workday, over 40 hours in the

25  workweek, and/or for all hours worked in excess of eight on the seventh consecutive day of work in

26  a workweek, without overtime or double time wages."  [Quan Decl. ¶ 2, Ex. A, Compl. ¶ 15

27  (emphasis added).]  For purposes of calculating the amount in controversy, an employer may make

28  a "reasonable extrapolation from the plaintiff's allegations suffic[ient] to establish the amount in

1  controversy." [*Patel*, 58 F. Supp. 3d at 1041; *see also Lippold v. Godiva Chocolatier, Inc.*, 2010

2  WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (finding it reasonable for defendant to assume that

3  plaintiff worked "13 hours a day every day that plaintiff worked for" defendant, because plaintiff

4  alleged that he "regularly and/or consistently worked in excess of 12 hours per day").]  Based on

5  Plaintiff's allegation, Movement Mortgage makes the reasonable assumption that Plaintiff worked

6  three hours of overtime each week.  During Plaintiff's employment, Plaintiff earned on average in

7  excess of $250,000 per year in wages and commissions.[1]  [Quan Decl. ¶ 6.]  Even assuming that

8  Plaintiff worked a minimum of three hours of unpaid overtime per workweek, the amount of

9  damages put at issue on Plaintiff's unpaid overtime claim is $67,608.75.  [*Id.*]  The additional civil

10  penalties for each pay period, based on the $50/100 penalty allowed under Labor Code section 558

11  adds another $2,050.00, for a total of $69,658.75 placed in controversy by Plaintiff's request for

12  civil penalties under Labor Code section 558.  [*Id.*]  Therefore, Movement Mortgage meets the

13  jurisdictional threshold based on Plaintiff's claim alone.

14  　　　　27.　　Additionally, in pursuing a claim under PAGA, Plaintiff is bringing a representative

15  action as an 'aggrieved employee,' on behalf of himself and other current or former employees, and

16  seeks civil penalties for Labor Code violations by employers, with 75 percent going to the Labor

17  and Workforce Development Agency and the remaining 25 percent to the aggrieved employees.

18  [Cal. Lab. Code § 2699(a), (i).]

19  　　　　28.　　In seeking penalties under PAGA, Plaintiff seeks to recover not only civil penalties

20  under PAGA for himself, but also for the group of approximately 179 allegedly aggrieved current

21  and former non-exempt hourly employees who worked for Movement Mortgage in California

22  during the period of one year prior to the filing of the LWDA Letter (August 21, 2023 to the present).

23  [Quan Decl. ¶ 7.]

24  　　　　29.　　Here, the total amount of PAGA penalties that can be sought by Plaintiff for

25  purported Labor Code violations as to all of the allegedly aggrieved employees exceeds the

26

27  [1] Given that Plaintiff's compensation information is protected by privacy rights, Defendant has not included his specific compensation details.  However, should the Court require such information, Defendant can produce Plaintiff's payroll

28  records.  However, such detailed information is not required at the removal pleading stage. [*Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.]

NOTICE OF REMOVAL

1   jurisdictional threshold of $75,000.

2      30.    Specifically, Plaintiff's Complaint seeks recovery under PAGA for the above various

3   wage and hour violations in the amount of $100 per pay period for the initial violation and $200 per

4   pay period for each subsequent violation.  [Quan Decl. ¶ 2, Ex. A, Compl. ¶¶ 22-26, 33-35.]  The

5   statute of limitations for the recovery of penalties pursuant to PAGA is one year.  [Cal. Civ. Proc.

6   Code § 340.]

7      31.    Because Plaintiff filed his LWDA Letter on August 21, 2024, the relevant time period

8   for calculating the amount of PAGA penalties placed at issue is August 21, 2023 through the present

9   (the "PAGA Period").  [Quan Decl. ¶ 7.]  Movement Mortgage employed about 179 non-exempt

10  hourly employees in California (the "Allegedly Aggrieved Employees") during the PAGA Period.

11  [*Id.*]  These employees collectively worked a total of at least 1,895 pay periods during the PAGA

12  period.  [*Id.*]

13     32.    Based on Plaintiff's allegations that Movement Mortgage's alleged Labor Code

14  violations have been "widespread, repeated, and consistent as to Aggrieved Employees and

15  throughout Defendant's operations in the State of California" (*see* Compl. ¶ 19), the approximate

16  PAGA penalties at issue would be at least $378,900 [(1 pay period x $100 violation rate) + (1,894

17  pay periods x $200 subsequent violation rate)].

18     33.    Even assuming the Court were to exclude the 75 percent of PAGA penalties that goes

19  to the Labor and Workforce Development Agency (it should not), the total amount of PAGA

20  penalties attributed to only the alleged aggrieved employees would be $94,725 ($378,900 x 25%).

21     34.    As such, Plaintiff's PAGA claim alone places an amount in controversy the exceeds

22  the threshold requirement for diversity jurisdiction.

23     35.    Attorneys' Fees.  The amount in controversy may include attorneys' fees which are

24  recoverable by statute.  [*Galt G/S*, 142 F.3d at 1155-56.]  Moreover, Plaintiff seeks to recover his

25  attorneys' fees as provided by statute.  [Quan Decl. ¶ 2, Ex. A, Compl. ¶¶ 4, 29, 38, and Prayer for

26  Relief.]  Where an underlying statute authorizes the award of attorneys' fees, as is the case here,

27  such fees may be included in calculating the amount in controversy.  [*See Galt G/S*, 142 F.3d at

28  1156; *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992).]  Under California law,

1   "[a]ny employee who prevails in any [PAGA] action shall be entitled to an award of reasonable

2   attorneys' fees and costs." [Cal. Lab. Code § 2699(g).] Assuming Plaintiff's counsel seeks fees in

3   the neighborhood of 25% of the civil penalties at issue (at least $121,808.75), which is common in

4   representative actions (*see, e.g.*, *Olson v. Michaels Stores, Inc.*, 2017 WL 3317811, at *3 (C.D. Cal.

5   Aug. 2, 2017))[2], the addition of attorneys' fees would place an amount of $30,452.19 in controversy.

6        36.    Although Movement Mortgage denies any award of damages is appropriate here, the

7   evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the

8   jurisdictional amount of $75,000, exclusive of costs and interest. [Quan Decl. ¶ 8.] Accordingly,

9   this State Court action may be removed to the United States District Court for the Eastern District

10  of California because, at the time this action was filed and at the present time, diversity jurisdiction

11  exists.

12  **III.    TIMELINESS OF REMOVAL**

13       37.    Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding

14  shall be filed within 30 days after the receipt by the defendant, through service or otherwise, . . ."

15  The 30-day period for removal is triggered once service occurs. [*Murphy Bros. v. Michetti Pipe*

16  *Stringing, Inc.*, 526 U.S. 344, 347-48 ("Accordingly, we hold that a named defendant's time to

17  remove is triggered by simultaneous service of the summons and complaint, or receipt of the

18  complaint, 'through service or otherwise,' after and apart from service of the summons, but not by

19  mere receipt of the complaint unattended by any formal service.").]

20       38.    Movement Mortgage was served with the complaint on November 13, 2024, through

21  its registered agent for service of process. [Quan Decl. ¶ 2.] Movement Mortgage files this Notice

22  of Removal on December 13, 2024. As such, Movement Mortgage's Notice of Removal is timely.

23  **IV.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

24       30.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that

25  a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff and

26

27  [2] *See Olson*, 2017 WL 3317811, at *3 ("District courts within the Ninth Circuit handling PAGA cases have held that "removing defendants can reasonably assume plaintiffs are entitled to attorney['s] fees valued at approximately 25%

28  of projected damages."); *Willis v. Xerox Bus. Servs., LLC*, 2013 WL 6053831, at *10 (E.D. Cal. Nov. 15, 2013) (adopting defendant's good faith estimate that attorney's fees award would be 25% of PAGA penalties)).

NOTICE OF REMOVAL

1    filed with the Clerk of the Sacramento County Superior Court.  [Quan Decl. ¶ 3, Ex. B.]  Therefore,

2    all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

3           31.    This Notice of Removal is effected properly and timely pursuant to 28 U.S.C.

4    sections 1441 and 1446.

5           32.    Venue is proper in this District pursuant to 28 U.S.C. section 1441(a) because the

6    Superior Court where the removed case was pending is located within this District.

7    **V.    INTRADISTRICT ASSIGNMENT**

8           33.    Intradistrict Assignment:  Assignment to the Sacramento or Redding Division is

9    proper because the state action filed by Plaintiff is pending in Sacramento County Superior Court

10   and arose in Sacramento County.  [28 U.S.C. §§ 1441(a), 1446(a); Local Rule 120(d).]

11          WHEREFORE, Movement Mortgage removes the above-entitled action now pending in the

12   Superior Court of the State of California for the County of Sacramento to this Court.

13

14   DATED:  December 13, 2024          Respectfully submitted,

15                                      KILPATRICK TOWNSEND & STOCKTON LLP

16

17                                      By: */s/ Kevin L. Quan*
                                            JAMES SMITH
18                                          KEVIN L. QUAN

19                                      Attorneys for Defendant
                                        MOVEMENT MORTGAGE, LLC
20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

1

2          I, declare that I am employed in the City and County of San Francisco, California, in
the office of a member of the bar of this Court at whose direction this service was made.

3

4          I am over the age of eighteen years and not a party to this action.  My business address is
Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco,
California 94111.  On December 13, 2024, I served the document entitled: **NOTICE OF**

5   **REMOVAL** on the interested parties in this action, as follows:

6   Carolyn H. Cottrell (SBN 166977)            Esther L. Bylsma (SBN 264208)
    SCHNEIDER WALLACE                            Sandra Acosta Tello (SBN 315616)

7   COTTRELL KONECKY LLP                         SCHNEIDER WALLACE
    2000 Powell Street, Suite 1400               COTTRELL KONECKY LLP

8   Emeryville, California 94608                 300 S. Grand Avenue, Suite 2700
    Tel: (415) 421-7100                          Los Angeles, California 90071

9   Fax: (415) 421-7105                          Tel: (213) 835-1550; Fax: (415) 421-7105
    ccottrell@schneiderwallace.com               ebylsma@schneiderwallace.com

10                                                sacostatello@schneiderwallace.com

    Attorneys for Plaintiff
11
                                                 Attorneys for Plaintiff

12         ☒       [By First Class Mail]  I am readily familiar with my employer's practice for
collecting and processing documents for mailing with the United States Postal Service.  On the

13  date listed herein, following ordinary business practice, I served the within document at my place
of business, by placing a true copy thereof, enclosed in a sealed envelope, with first class postage

14  thereon fully prepaid, for collection and mailing with the United States Postal Service, where it
would be deposited with the United States Postal Service that same day in the ordinary course of

15  business.

16         ☐   [By Overnight Courier]  I caused each envelope to be delivered by a commercial
carrier service for overnight delivery to the offices of the addressee(s).

17

18         ☐   [By Hand]  I caused to be hand delivered each envelope to the party(ies) so designated
on the service list.

19         ☒   [By Electronic Transmission]  I caused said document to be sent by electronic
transmission to the e-mail address indicated for the parties listed above from email address

20  sdmpearson@kilpatricktownsend.com.

21         I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on December 13, 2024, at San Francisco, California.

22

23

24                                                            Abby Ako-Nai

25

26

27

28

NOTICE OF REMOVAL